IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRENDA D SMITH, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:16-CV-36-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

**I.  Whether the ALJ properly considered Plaintiff's limitations in formulating her RFC and in creating a hypothetical question for the VE.**

**II.  Whether the ALJ properly evaluated Plaintiff's credibility.**

## Administrative Proceedings

Plaintiff Brenda Darlene Smith filed an application for disability insurance benefits on January 16, 2013, alleging disability to work commencing September 1, 2012. Her claim was denied initially on August 27, 2013 and on reconsideration on November 21, 2013. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on December 13, 2013, which was conducted on June 18, 2015. Plaintiff appeared and testified as did a vocational expert (VE). She was represented by an attorney at the hearing. At the hearing, she amended her onset of disability date to October 3, 2014. Tr. 30. The ALJ issued a written decision on July 17, 2015 denying her claim. Tr. 27-48. On August 31, 2015 Plaintiff requested review by the Appeals Council, but was denied on September 22, 2015 and denied a second time on March 2, 2016. Tr. 26, 15-17, 1-7. Having exhausted the administrative remedies available to her under the Social Security Act she now brings this action for judicial review of the final decision by the Commissioner of Social Security to deny her claim for disability benefits. This action is ripe for review.

## Statement of Facts and Evidence

On the date the ALJ issued his unfavorable decision denying her claim, Plaintiff was forty-nine years old. Tr. 27, 187. She has a general equivalency diploma and a

business college certificate.  Tr. 61, 210.  Her previous relevant work is as a pharmacy technician, cashier, clerk, and bookkeeper.  Tr. 42, 90-91.  In her application for benefits, Plaintiff asserts disability due to fibromyalgia, anxiety, depression, degenerative disc disease, emphysema, and left knee pain.  Tr. 209.

In conducting the five-step sequential analysis mandated by the Commissioner's regulations for the evaluation of disability claims, the ALJ first found that Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date of October 3, 2014.  Finding No. 2, Tr. 32.  Next, he found her to have severe impairments of left knee chondromalacia, restless legs, irritable bowel syndrome, diabetes, left hip bursitis, mild spondylosis, and breast cancer.  Pursuant to Social Security Ruling 85-28 he also found her to have nonsevere impairments of obesity/Level I, gastroesophageal reflux disease (GERD), anxiety and panic disorders, and bipolar I disorder.  Finding No. 3, Tr. 32-35.  At step three the ALJ determined that these impairments, considered both alone and in combination with one another, do not meet or medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding No. 4, Tr. 35-36.  Between steps three and four the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in a limited range of light work with certain exertional and environmental restrictions.  Finding No. 5, Tr. 36-42.  At step four he found that Plaintiff can return to her past relevant work as a pharmacy technician, bookkeeper, accounting clerk, and cashier within her restricted RFC.  Finding No. 6, Tr. 42. Therefore, he found her to be not disabled to work.  Finding No. 7, Tr. 42-43.

## DISCUSSION

In her brief before the Court Plaintiff first contends that the ALJ failed to account for her frequent absences from work due to cancer therapy in formulating her RFC and as in the hypothetical question he posed to the VE. Second, she argues that the ALJ placed undue emphasis on her activities of daily living in discounting the credibility of her complaints about the limiting effects of her symptoms. The Commissioner responds that the ALJ's decision is based on substantial evidence, that Plaintiff has failed to show that her cancer therapy will cause her to miss work for the required twelve month duration to be considered disabling, and that the ALJ applied the correct legal principles in deciding to discount Plaintiff's credibility. The Court addresses the issues raised by the parties in the order in which Plaintiff asserts them.

**I.     Did the ALJ properly consider Plaintiff's limitations in formulating her RFC and in creating a hypothetical question for the VE?**

Plaintiff suffers from the severe impairment of breast cancer. As noted by the ALJ, she had a lumpectomy in October 2014 and continued treatment with both chemotherapy and radiation. Tr. 37, 38; Exs. 19F, 21F. According to her testimony, by the time of the evidentiary hearing both of these treatments had ended. Tr. 73. The medical evidence shows that she took chemotherapy from December 1, 2014 until January 12, 2015 and a second round from January 26, 2015 until March 9, 2015. Tr. 688. This was followed up by radiation from April 9, 2015 until May 26, 2015, at which time all treatment ended. The total amount of time Plaintiff underwent treatment after the lumpectomy was less than six months. This period of time is well short of the twelve

month duration period required for an impairment to result in disability. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 404.1509. Only once during the six month treatment period did Plaintiff's treating physician, Ha N. Tran, M.D., say that Plaintiff was unable to work—in his note of January 28, 2015. He specifically said she was unable to work "at this time." Tr. 688. Otherwise, Dr. Tran consistently characterized her as "fully active, able to carry on all pre-disease activities without restriction." Tr. 721-25, 733-37, 741-52. The ALJ properly concluded that Plaintiff's cancer therapies did not cause work-related limitations beyond the brief period of her treatment. SSR 96-8p. Since this conclusion is well-supported by the medical evidence of record, he was under no obligation to include limitations related to cancer treatment in his hypothetical question to the VE and no error is found.

## II. Did the ALJ properly evaluate Plaintiff's credibility?

In her second assertion of error Plaintiff contends the ALJ erred in discounting her credibility regarding the intensity, persistence, and limiting effects of her symptoms. Her argument is that he placed "undue emphasis" on her activities of daily living. Pl.'s Br. 2. Participation in everyday activities of short duration does not alone disqualify a claimant from an award of disability benefits. *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997). However, activities of daily living was only one of the bases upon which the ALJ found her less than fully credible. The ALJ specifically discussed the beneficial effects of her medications and further found the objective medical evidence to be inconsistent with the extreme symptomology to which she testified. Tr. 37-42. He did not consider Plaintiff's testimony about her activities of daily life—alone—as dispositive.

7

The ALJ did, however, make a factual finding that these activities were sufficiently extensive in both nature and duration to undermine her credibility. Tr. 38, 68-73. A claimant's activities of daily living can be considered by an ALJ in deciding whether a claimant's symptoms are as limiting as alleged. *Lanier v. Comm'r of Soc. Sec.,* 252 F. App'x 311, 314 (11th Cir. 2007). The ALJ's determination to discount Plaintiff's credibility is supported by substantial evidence both as to her daily habits and activities as well as the two additional reasons he set forth in his written decision. *Mason v. Comm'r of Soc. Sec.,* 430 F. App'x 830, 834 (11th Cir. 2011). No error was committed by the ALJ in the manner in which he assessed Plaintiff's testimony.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 6th day of June, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE